(No. 4734-

STANLEY BROOK AND NORMAN RUBIN, d/b/a ABBOT CONSTRUCTION COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1957.*

IRVING S. BERMAN AND SEYMOUR I. REGAL, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; RICHARD F. SIMAN, Assistant Attorney General, for Respondent.

FEARER, J.

The complaint in this case was predicated upon a written contract No. 67976, dated June 11, 1953, with respondent for certain repairs and alterations to the State of Illinois Armory Buildings at Delavan, Decatur and Peoria, Illinois. The total contract for labor and material

was $16,558.00. There was paid thereon $13,511.80, leaving a balance unpaid of $3,036.20.

A stipulation was entered into by the parties, wherein briefs and arguments were waived, and an order has been entered by this Court allowing the waiver of briefs and arguments.

No answer having been filed by respondent, a general traverse of all the allegations in the complaint is considered under the rules of this Court.

The record consists of the complaint and Departmental Reports.

The evidence was heard by Commissioner Immenhausen, and it was found by him that an award in the amount of $3,036.20 should be made. This is a case where funds were appropriated to do the work called for by the contract, and were available at the time the contract was entered into. Subsequent thereto, the appropriation lapsed before final payment had been made.

From an examination of the testimony and exhibits, including the Departmental Reports, there is no question but that the work was satisfactorily performed, inspected and approved, that the charges made were fair and reasonable, and that claimants had no alternative but to file the complaint to recover the balance due because of the lapse of the appropriation.

In previous opinions we have discussed similar situations, and have made awards where work had been satisfactorily performed in accordance with contracts entered into with the State of Illinois, and all that remained was the payment of the balance due under contracts of this nature.

It is, therefore, the order of this Court that an award be made to claimants for the unpaid balance in the sum of $3,036.20.